UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRIAN STEAVENS, TAMURA L. GOLDBERG, :
DANIEL HEIN, BART KUHLMAN, :
STEPHEN LENKNER and ROD DELUHERY :
Individually and on Behalf of all Other Persons : 1:08-cv-10409-RJH
Similarly Situated, :
 :
 : **SECOND AMENDED**
                         Plaintiffs, : **COMPLAINT and**
 : **JURY DEMAND**
         -against- :
 :
ELECTRONIC DATA SYSTEMS :
CORPORATION, :
 :
                         Defendant. :
------------------------------------------------------------X

Plaintiffs BRIAN STEAVENS, TAMURA L. GOLDBERG, TAMMYE CUNNINGHAM, JOHN PATRICK CONFAR, DANIEL HEIN, BART KUHLMAN, STEPHEN LENKNER and ROD DELUHERY ("Plaintiffs"), by counsel and on their own behalf and on behalf of all others similarly situated, individually and as a Collective Representative and Class Representative, for their Collective Action and Class Complaint against Defendant ELECTRONIC DATA SYSTEMS CORPORATION ("EDS"), allege, upon information and belief, except for the allegations concerning Plaintiffs' own actions, as follows:

## NATURE OF THE CASE

1. This is a Fair Labor Standards Act ("FLSA") collective action brought by current and former EDS employees, individually and on behalf of all similarly situated persons who were, are, or will be employed by EDS in technical support positions with the primary job duties of installing, maintaining and/or supporting computer software and/or hardware for EDS and its clients, with the job code prefix "3"and who were, are, or will be denied overtime pay for their

1

hours worked in excess of forty in a work week.

2.     Plaintiffs, Brian D. Steavens, Tamura L. Goldberg, Daniel Hein, Bartt L. Kuhlmann, Stephen Lenkner, and Rod Deluhery (collectively, "Collective Action Plaintiffs"), regularly worked overtime hours in excess of forty (40) hours per week but were not compensated at a rate of one and one half times their regular rate of pay as required by the FLSA. EDS improperly classified the Plaintiffs and other similarly situated employees in salaried technical support positions as exempt from statutory overtime pay requirements, and did so in willful violation of the FLSA. This action seeks to recover unpaid overtime pay and liquidated damages for the Plaintiffs and all other salaried EDS technical support workers who were or are employed by EDS, and who were improperly classified as Aexempt@ at any time during the three-year statutory period

3.     Plaintiff, Rod Deluhery (the "California Named Plaintiff") also bring this action, on behalf of all persons who were, are, or will be employed by EDS in California in technical support positions with the primary job duties of installing, maintaining and/or supporting computer software and/or hardware for EDS and its clients, with the job code prefix "3" ("the California Class"), at any time within four years prior to the date of filing of this Complaint through the date of the final disposition of this action (the "California Class Period"), who were, are or will be improperly misclassified as exempt from overtime pay under California law.

## JURISDICTION, PARTIES AND VENUE

4.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA.

5.     This Court has jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §

1332(d)(2)(A), the Class Action Fairness Act ("CAFA").   The parties are diverse and the amount in controversy exceeds $5,000,000, exclusive of interest and costs).

6.	Upon information and belief, at least one member of the proposed class is a citizen of a state different from that of the Defendant.

7.	Plaintiff's claims involve matters of national or interstate interest.

8.	Defendant is subject to personal jurisdiction in New York.

9.	This Court also has jurisdiction over Plaintiff's class claim pursuant to 28 U.S.C. § 1367, since they are so related to their FLSA claim that it forms part of the same case or controversy.

10.	This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

11.	Plaintiff Brian D. Steavens, an adult residing in the state of Michigan, was employed by EDS from February 1988 to October 2006, in a technical support with his primary duties of installing and/or maintaining computer software and hardware.

12.	Plaintiff Tamura Goldberg, an adult residing in the state of Michigan, has been employed by EDS since 1994, in a technical support with his primary duties of installing and/or maintaining computer software and hardware.

13.	Plaintiff Daniel Hein, an adult residing in the state of Michigan, has been employed by EDS since 1985, in a technical support with his primary duties of installing and/or maintaining computer software and hardware.

14.	Plaintiff Bartt Kuhlmann, an adult residing in the state of Michigan, has been employed by EDS since 2004, in a technical support with his primary duties of installing and/or maintaining computer software and hardware.

15. Plaintiff Stephen Lenkner, an adult residing in the state of Michigan, has been employed by EDS since 2004, in a technical support with his primary duties of installing and/or maintaining computer software and hardware.

16. Plaintiff Bartt Kuhlmann, an adult residing in the state of Michigan, has been employed by EDS since 2004, in a technical support with his primary duties of installing and/or maintaining computer software and hardware.

17. Plaintiff Rod Deluhery, an adult residing in the state of California, has been employed by EDS since 1995, in a technical support with his primary duties of installing and/or maintaining computer software and hardware.

18. Defendant is a Delaware corporation that employs over 50,000 employees in 49 states, including Michigan and California. EDS is principally engaged in providing information technology and business process outsourcing services to private and public sector clients nationwide and around the world.

## FLSA ALLEGATIONS

19. The Collective Action Plaintiffs have been employed by EDS in salaried technical support positions, with primary job duties of installing, maintaining and/or supporting computer hardware and/or software for EDS and its clients during the applicable statutory period.

20. The Collective Action Plaintiffs regularly worked in excess of forty hours in a workweek without receiving overtime pay at one and one-half times their regular rate.

21. At all relevant times, the Collective Action Plaintiffs were improperly classified by EDS as exempt from the overtime pay requirements of the FLSA, and denied the statutory overtime premium for their time worked in excess of forty hours in a work week.

22. At all relevant times, EDS failed to keep accurate records of the Collective Action

Plaintiffs hours in the manner required by the FLSA.

23. The Collective Action Plaintiffs bring this action on behalf of themselves and all other persons who were, are, or will be employed by EDS technical support positions with the primary job duties of installing, maintaining and/or supporting computer software and/or hardware for EDS and its clients, with the job code prefix "3",

24. The Collective Action Plaintiffs have filed written consent forms with the Court.

25. The Collective Action Plaintiffs and the Potential FLSA Opt-in Plaintiffs are similarly situated in that they have, had, or will have at all relevant times, substantially similar job requirements, duties, and pay provisions, and were, are, or will be subject to Defendant's common practice, policy or plan of unlawfully classifying as them as exempt under the FLSA.

### CALIFORNIA CLASS ACTIONALLEGATIONS

26. The California Named Plaintiff brings his claim for violation of California's wage and hour laws as a class action, pursuant to Fed. R. Civ. P.23 (a), (b)(2), and (b)(3), on behalf of all California Class.

27. The California Class is so numerous that joinder of all members is impracticable.   Plaintiff believes that during the California Class Period Defendant has employed at least one hundred persons who satisfy the definition of the California Class.

28. Common questions of law and fact exist as to members of the California Class, including, but not limited to, the following:

   a. Whether Defendant unlawfully failed to pay overtime compensation in
      violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code

§ 17200 et seq., and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5, and 1194, Cal. Wage Order No. 4;

b. Whether the California Named Plaintiff and the California Class members are non-exempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

c. Whether Defendant's policy and practice of classifying the California Class members as exempt from overtime entitlement under California law and Defendant's policy and practice of failing to pay overtime to the California Class members violate applicable provisions of California law, including applicable statutory and regulatory authority;

d. Whether Defendant unlawfully failed to keep and furnish California Class members with records of hours worked, in violation of Labor Code §§ 226 and 1174;

e. Whether Defendant's policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates California law; and

f. The proper measure of damages sustained and the proper measure of restitution recoverable by members of the California Class.

29. The California Named Plaintiff's claims are typical of California Class members' claims.

30. The California Named Plaintiff, like other California Class members, was subjected to Defendant's policy and practice of refusing to pay overtime in violation of California law. The California Named Plaintiff's job duties were typical of those of other California Class members.

31. The California Named Plaintiff will fairly and adequately represent and protect the interests of the California Class. The California Named Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA and state labor and employment litigation.

32. Class certification of California Class is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the California Class, making appropriate declaratory and injunctive relief with respect to the California Named Plaintiff and the California Class as a whole. The California Named Plaintiff and the California Class are entitled to injunctive relief to end Defendant's common and uniform practice of failing to properly compensate its employees for all overtime work performed for the benefit of Defendant.

33. Class certification of the California Class is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California Class predominate over any questions affecting only individual members of the California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices unlawfully treat members of the California Class as exempt from overtime pay requirements. The damages suffered by individual California Class members are small compared to the expense and burden of

individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

34. The California Named Plaintiff intends to send notice to all members of the California Class to the extent required by Rule 23.

## COUNT I:

### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b) FAILURE TO PAY OVERTIME COMPENSATION

35. Collective Action Plaintiffs, on behalf of themselves and all Potential FLSA Opt-in Plaintiffs, reallege and incorporate by reference paragraphs 1 through 34.

36. At all relevant times, Defendant has been and continues to be an employer engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

37. At all relevant times, Defendant has employed, continues to employ, or will employ, employees within the meaning of the FLSA, including the Collective Action Plaintiffs and the Potential FLSA Opt-in Plaintiffs.

38. At all relevant times, Defendant has had gross operating revenues in excess of $500,000.

39. The FLSA requires covered employers, including Defendant, to compensate all employees who are not exempt from the overtime provisions of the FLSA at a rate of not less than one and one-half times their regular rate of pay for all work performed in excess of forty hours in a work week.

40. The Collective Action Plaintiffs and the Potential FLSA Opt-in Plaintiffs

performed, continue to perform, or will perform technical support work that was and is not exempt from the overtime pay provisions of the FLSA, as their primary duties are, were, or will be installing, maintaining, and/or maintaining computer hardware and/or software for Defendant and its clients.

41.     The Collective Action Plaintiffs and the Potential FLSA Opt-in Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked during the three-year period preceding the filing of this action through the date of its final disposition.

42.     At all relevant times, Defendant, pursuant to its policies and practices, willfully and knowingly failed to pay overtime premiums to Collective Action Plaintiffs and the Potential FLSA Opt-in Plaintiffs for all of their hours worked in excess of forty hours in a workweek.

43.     By failing to compensate the Collective Action Plaintiffs and the Potential FLSA Opt-in Plaintiffs at a rate of not less than one and one-half times their regular rates of pay for work performed in excess of forty hours in a work week, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

44.     By failing to record, report, and/or preserve accurate records of hours worked by the Collective Action Plaintiffs and the Potential FLSA Opt-in Plaintiffs, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

45.     Defendant willfully violated the FLSA within the meaning of 29 U.S.C. § 255(a).

46.     As a result of the above conduct by Defendant, the Collective Action Plaintiffs and the Potential FLSA Opt-in Plaintiffs are entitled to recover their respective unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs, and all other legal and equitable relief as the Court deems just and proper.

## COUNT II:

### VIOLATION OF THE CAL. WAGE ORDER NO. 4 and CAL. LABOR CODE § 510, 1194

47.     The California Named Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference paragraphs 1 through 34 as if they were set forth again herein.

48.     California law requires an employer, such as Defendant, to pay overtime compensation to all non-exempt employees for all hours worked over 40 per week, or over eight per day.

49.     The California Named Plaintiff and the California Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

50.     Throughout the California Class Period, and continuing through the present, the California Named Plaintiff and the California Class members worked in excess of eight hours in a workday and/or forty hours in a workweek.

51.     During the California Class Period, Defendant misclassified the California Named Plaintiff and the California Class members as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

52. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the California Named Plaintiff and the California Class members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law

### COUNT III:

### CALIFORNIA WAGE PAYMENT PROVISIONS, CAL. LABOR CODE § 201, 202, & 203

53. The California Named Plaintiff, on behalf of himself and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 34 and 47 through 52 as if they were set forth again herein.

54. California Labor Code §§ 201 and 202 require Defendant to pay its employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

55. The California Named Plaintiff and all California Class members are entitled to unpaid compensation, but to date have not received such compensation.

56. More than thirty days have passed since the overtime wages earned by the California Named Plaintiff and California Class were due

57. As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, the California Named Plaintiff and California Class are entitled to thirty

days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

## COUNT IV:

### CALIFORNIA RECORD-KEEPING PROVISIONS, CAL. WAGE ORDER NO. 4; CAL. LABOR CODE §§ 226, 1174, & 1174.5

58.     The California Named Plaintiff, on behalf of himself and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 34 and 47 through 57 as if they were set forth again herein.

59.     Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, inter alia, hours worked, to the California Named Plaintiff and California Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders. Such failure caused injury to the California Named Plaintiff and California Class members by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.   At all times relevant herein, Defendant has failed to maintain records of hours worked by the California Named Plaintiff and California Class members as required under Labor Code § 1174(d).

60.     The California Named Plaintiff and California Class members are entitled to and seek injunctive relief requiring Defendant to comply with Labor Code §§ 226(a) and 1174(d), and further seek the amount provided under Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

## COUNT V:

### CALIFORNIA MEAL PERIOD PROVISIONS, CAL. WAGE ORDER NO. 4; CAL. LABOR CODE § 218.5, 226.7, & 512

61.     The California Named Plaintiff, on behalf of himself and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 34 and 47 through 60 as if they were set forth again herein.

62.     The California Named Plaintiff and California Class members regularly work and have worked in excess of five hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty, as required by Labor Code §§ 226.7 and 512 and Wage Order No 4-2001, § 11(a).

63.     As a result of Defendant's failure to afford proper meal periods, it is liable to the California Named Plaintiff and the California Class members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code § 226.7 and Wage Order No. 4-2001, § 11(b).

## COUNT VI:

### CALIFORNIA UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE §17200, *et seq.*,

64.     The California Named Plaintiff, on behalf of himself and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 34 and 47 through 63 as if they were set forth again herein.

65.     The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq. Section 17200 of the Cal. Bus. & Prof.

Code prohibits unfair competition by prohibiting, inter alia, any unlawful or unfair business acts or practices.

66.     Beginning at a date unknown to the California Named Plaintiff, Defendant committed and continues to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein.   Defendant's conduct as herein alleged has injured the California Named Plaintiff and the California Class by wrongfully denying them earned wages, and therefore was substantially injurious to the California Named Plaintiff and to the California Class.

67.     Defendant engaged in unfair competition in violation of the UCL by violating, inter alia, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

   a. California Labor Code § 1194;

   b. California Labor Code §§ 201, 202, 203, 204, and 226;

   c. California Labor Code § 1174; and

   d. California Labor Code § 510, which provides in relevant part:

   Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

68.     Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL.  Defendant's conduct described herein violates the policy or spirit of such laws or

14

otherwise significantly threatens or harms competition.

69.     The harm to California Named Plaintiff and the California Class in being wrongfully denied lawfully earned wages outweighs the utility, if any, of Defendant's policies or practices and, therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

70.     The unlawful and unfair business practices and acts of Defendant, described above, have injured the California Class members in that they were wrongfully denied the payment of earned overtime wages.

71.     The California Named Plaintiff, on behalf of himself and California Class members, seek recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

72.     The California Named Plaintiff, on behalf of himself and the California Class, seek restitution in the amount of the respective unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, or eight hours in a day, and double the regular rate of pay for work performed in excess of twelve hours per day, as well as the additional statutory amount provided by California Labor Code §§ 2698 and 2699 of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation, and such other legal and equitable relief from Defendant unlawful and willful conduct as the Court deems just and proper.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs on behalf of themselves and all members of the proposed California Class, respectfully requests that this Court grant the following relief:

a. Designation of this action as a nationwide collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the Collective Action members;

b. An award of liquidated and/or punitive damages as a result of the Defendant's willful failure to pay overtime compensation under the FLSA;

c. Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (b)(3) on behalf of the members of the California Class and appointing the California Named Plaintiff and his counsel to represent the California Class;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and California law;

e. Appropriate equitable and injunctive relief to remedy Defendant's violations of California law, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

f. Appropriate statutory penalties under Cal. Lab. Code §§ 226.7, 226(e), 1174.5, 2698, 2699;

g. An award of damages, liquidated damages, and restitution to be paid by Defendant according to proof;

    h.      An award of prejudgment and postjudgment interest;

    i.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

    j.      Such other and further relief as this Court deems just and proper.

### **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated:   Rye Brook, New York
           May 29, 2008

By: _____
    Fran L. Rudich

    Seth R. Lesser
    Jeffrey A. Klafter
    Fran L. Rudich
    KLAFTER, OLSEN & LESSER, LLP
    Two International Drive, Suite 350
    Rye Brook, New York 10573
    (914) 934-9200

    Cary S. McGehee*
    Beth M. Rivers*
    Maureen M. Crane*
    PITT, MCGEHEE, PALMER, RIVERS & GOLDEN, PC
    117 W. Fourth Street, Suite 200
    Royal Oak, Michigan 48067
    (248) 398-9800

    ***ATTORNEYS FOR PLAINTIFFS***

*Pro Hac Motions to be submitted